# Reed, Appellant, *v.* Norristown Electric Light & Power Company.

*Negligence—Electric light company—Master and servant—Lineman— Failure to wear gloves—Nonsuit.*

Where a lineman in the employ of a telephone company works on a pole on which are stretched wires of the telephone company and high tension wires of an electric light company, and is injured by a shock received from a telephone wire charged from a high tension wire, he is properly nonsuited in an action against the electric light company, if it appears that he failed to wear gloves while descending the pole, and that the charging of the telephone wire was due to no improper or negligent construction by the electric light company, but was due to an improper arrangement of the wires by the telephone company.

Argued Feb. 1, 1909. Appeal, No. 188, Jan. T., 1908, by plaintiff, from order of C. P. Montgomery Co., Oct. T., 1906, No. 173, refusing to take off nonsuit in case of Benjamin F. Reed v. Norristown Electric Light & Power Company. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WEAND, J.

At the trial the court entered a compulsory nonsuit.

On a motion to take off the nonsuit WEAND, J., filed the following opinion:

The plaintiff had been a lineman for sixteen or eighteen years and knew of the danger attending the contact with charged high tension electric wires.

At the time of the accident which gave rise to this suit, he was in the employ of the Delaware & Atlantic Telephone Co., and was at work on a pole, to which was stretched the wires of his employer's company as well as the wires of the defendant company. Whilst descending from the pole, his hat was knocked off, and in his endeavor to catch it he grasped the guy wire of the Delaware & Atlantic T. & T. Co. and received a shock which has injured him severely. From the evidence it appeared that both companies had their guy wires attached to a stable at the same point, and which brought them in contact, and the claim of plaintiff is that by the negligence of the defendant company in allowing an unused piece of wire to remain on top of the pole, by contact with high tension wire it caused the current in the defendant's charged wire to be communicated to defendant's guy wire and thence to that of the Delaware & Atlantic Co.'s guy wire.

The plaintiff knew of the danger attending contact with a live wire and the necessity for protection when working on poles containing such wires; that there was a high tension wire on the pole; that rubber gloves were a protection and usually used; he also knew that his employers provided their employees with such gloves for use when working on poles supporting charged high tension wires, and that gloves were actually in a wagon at the place where he was working, which he had the right to use, and was required to use by the printed rules of his company. We thought he was guilty of contributory negligence in not using gloves and directed a compulsory nonsuit. His plea that it is not usual to wear gloves in descending from a pole; or that there was no apparent danger; or that he had no reason to sup-

pose that the guy wire was charged, are, in our opinion, insufficient. There is always danger when working on poles containing high tension electric wires and accident must always be expected. It is not only the apparent danger to guard against, but also that which may happen. This is exemplified by the facts of this case, and how important it is obey the rule of absolute safety. That he thought on descending he had passed the danger point shows that no risks should be taken—ignorance that the gun was loaded has lost many lives. We base our conclusions on the cases of Hart v. Allegheny County Light Co., 201 Pa. 234, and Moyer v. Electric Co., 14 Pa. Dist. Rep. 798.

The first case is exactly in point—in fact and law. The failure to use gloves provided for him was held to be contributory negligence which barred a recovery. We can see no distinction between the cases.

In Moyer v. Metropolitan Electric Company, 14 Pa. Dist. Rep. 798, the same ruling was announced and the same conclusion reached.

Junior v. Missouri Electric Light & Power Co., 127 Missouri, 79 (29 S. W. Repr. 988), is a case of similar character. It was there said, "The employment was very hazardous and inherently dangerous in its very nature, but he undertook it with knowledge of its dangers, and he was bound to exercise care to avoid its consequences. The evidence shows most conclusively that by his own neglect of the means furnished him by his employer he brought his hands in contact with the wires and lost his life. It is greatly to be regretted, but the master is not liable."

The negligence consisted in not wearing gloves.

The authorities cited support our conclusion, and plaintiff was guilty of such negligence as will prevent a recovery.

And now, December 2, 1907, the motion to take off nonsuit is overruled.

*Error assigned* was refusal to take off nonsuit.

*Enoch W. C. Greene,* with him *Jeremiah B. Larzelere, Jr.,* for appellant.—If plaintiff's injuries were caused through the negli

gence of the defendant company and the Delaware and Atlantic Telegraph and Telephone Company, either company may be sued separately or together: Quill v. Empire State Tel., etc., Co., 92 Hun (N. Y.), 539; Ahern v. Oregon Tel., etc., Co., 24 Oregon, 276 (33 Pac. Repr. 403).

No court of this state has ever before decided as a matter of law that a lineman is guilty of contributory negligence for a failure to wear rubber gloves where he was working upon or near a wire which he had a right to presume was dead. Rubber gloves are never used by a lineman descending a pole. The case was for the jury: Mahan v. Newton, etc., Street Railway Co., 189 Mass. 1 (75 N. E. Repr. 59); Harroun v. Brush Electric Light Company, 12 App. Div. (N. Y.) 126; Cessna v. Metropolitan Street Railway Co., 118 Mo. App. 659 (95 S. W. Repr. 277); Knowlton v. Des Moines Edison Light Company, 117 Iowa, 451 (90 N. W. Repr. 818).

*Nicholas H. Larzelere,* with him *Franklin L. Wright,* for appellee.—Negligence can only exist where knowledge of the defective condition exists in the defendant actually or constructively. There was no actual notice, and the defect is not shown to have existed sufficient time to charge the defendant with it: Mensch v. Penna. R. R. Co., 150 Pa. 598; Bemisch v. Roberts, 143 Pa. 1; Kepner v. Harrisburg Traction Co., 183 Pa. 24; East End Oil Co. v. Penna. Torpedo Co., 190 Pa. 350; Phila. & Reading R. R. Co. v. Hughes, 119 Pa. 301.

No act of the appellee was the proximate cause of the accident. It was appellant's employer or fellow workmen alone who created the danger and made it possible: Bannon v. Penna. R. R. Co., 29 Pa. Superior Ct. 231; West Mahonoy Twp. v. Watson, 116 Pa. 344; Hoag v. Lake Shore, etc., R. R. Co., 85 Pa. 293; Penna. R. R. Co. v. Kerr, 62 Pa. 353; Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306; Wood v. Penna. R. R. Co., 177 Pa. 306; Ahern v. Oregon Telephone, etc., Co., 24 Oregon, 276 (33 Pac. Repr. 403).

Plaintiff was guilty of contributory negligence: Hart v. Allegheny County Light Co., 201 Pa. 234; Lindberg v. Nat. Tube Co., 213 Pa. 545; Bemisch v. Roberts, 143 Pa. 1; Weir v. Hav-

erford Electric Light Co., 221 Pa. 611; Bowen v. Penna. R. R. Co., 219 Pa. 405; Huber v. LaCrosse City Ry. Co., 92 Wis. 636 (66 N. W. Repr. 708); Martin v. Phila. & Reading Ry. Co., 200 Pa. 603; Cypher v. Huntingdon, etc., R. R. & Coal Co., 149 Pa. 359; Ingram v. Lehigh Coal, etc., Co. 148 Pa. 177.

Appellant failed to use rubber gloves, customarily used while working in the vicinity of high tension wires. Their use is a recognized necessity in the telephone and electric light business: Hart v. Light Co., 201 Pa. 234; Moyer v. Electric Co., 14 Pa. Dist. Rep. 798.

PER CURIAM, March 1, 1909:

A nonsuit was entered on the ground of the contributory negligence of the plaintiff in not wearing gloves while working on a pole on which there was a high tension electric light wire. The facts important in considering that question are stated in the opinion of the court overruling the motion to take off the nonsuit. An equally tenable ground for entering a nonsuit was the failure to show any negligence on the part of the defendant that was the proximate cause of the accident. The defendant's guy wire extended from the top of a pole thirty-five feet high over private property to a hook in a stable wall eleven feet above the ground. At the pole this wire was seven feet above the wires of the telephone company, the plaintiff's employer. About two months before the accident the telephone company extended a guy wire from the place where its wires were placed on the pole to the same hook in the stable wall. On this wire there was an insulation ball thirty inches from the pole. The result of this was that, since the guy wires were in contact at the hook to which they were fastened, if the defendant's wire became charged, the current would pass to the line of the telephone company as far as the insulating ball. Whatever danger there was in this situation was brought about by the telephone company in its use of the pole. The defendant's construction was safe. The guy wire was above the reach of anyone on the ground or anyone working on the pole, and its accidental charging would have been harmless.

The judgment is affirmed